GULOTTA, Judge.
This is an appeal by plaintiff wife from that part of a judgment awarding alimony pendente lite in the sum of $40.00 per month for the support of herself and a minor child five years of age. The judgment further awarded the temporary care, custody, and control of the child to the plaintiff.
In answer to the appeal, defendant seeks custody. He concedes that there was no proof of adultery. However, he contends that fitness is determinable on grounds other than sexual improprieties. He argues that plaintiff’s lack of concern for the welfare of the child and her life style is not conducive to the best interests of the child.
*894 CUSTODY
The jurisprudence of this state has set forth the standard that in order for the mother to be deprived of the custody of the child, it must be shown that she is morally unfit or physically or emotionally unable to care for the child and that this conduct or inability is detrimental to the child’s welfare. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958); Mc-Manus v. McManus, 250 So.2d 498 (La.App. 1st Cir. 1971).
The trial judge in oral reasons for permitting the custody of the child to remain with the mother stated:
“ * * * The court has been given suspicions but no absolute proof that the plaintiff, Mrs. Koon, is leading a life of sin and particularly that if she is leading a life of sin that it is reflecting upon her child. Therefore, considering the status of our jurisprudence on this subject, the court allows the custody of the child to remain in the mother. * * * ”
While plaintiff’s conduct indicates immaturity and her associations leave much to be desired, there is insufficient evidence that this conduct is adversely affecting the welfare of the child at this time.
Accordingly, we do not find any abuse of the broad discretion of the trial judge in granting the temporary care, custody, and control of the child to the wife.
ALIMONY PENDENTE LITE
Now turning to the alimony question, plaintiff argues that the award of $40.00 per month alimony pendente lite is inadequate. In seeking an increase, plaintiff contends that her expenses total $320.00 per month.
In support of her claim for an increase, plaintiff testified that she is dependent upon welfare assistance and food stamps for the support of herself and her child.
The record reflects that appellant and her minor child have the usual expenses attendant with the maintenance of a home for herself and young child. In addition, she has school expenses for the child and monthly furniture payments.
Defendant, on the other hand, was earning $750.00 per month until his full-time employment was terminated. At the time of the trial, his gross earnings were $48.50 (take-home or net, $42.00 per week) from part-time employment in a filling station while a student at Terret County Junior College.
Mrs. Koon contends the court erred in basing the amount of the award on defendant’s earnings rather than on his earning capacity and relies on the case of Viser v. Viser, 179 So.2d 672 (La.App. 2nd Cir. 1965) in which the court stated:
“Although it is indicated Harry L. Viser has not enjoyed a substantial income since January 1, 1965, the record does reveal, however, that he possesses the capacity to earn perhaps substantial income from his profession and thereby fulfill his obligation by paying alimony as awarded and directed by the trial court.” (Emphasis ours.)
The Viser case is readily distinguishable from the instant case. There the husband had earned approximately $3600 per month until December 31, 1964, but thereafter and at the time alimony pendent lite was awarded to his wife his income was but $50 per month. But' in the instant case, Mr. Koon was forced by his employer to resign from a $750 per month job because his conduct on the job was unsatisfactory. Thereafter he sought employment and then decided to go to college. There is nothing in the record to indicate that Mr. Koon has the present potential of earning anything more than he does under the circumstances. Furthermore, there is no indication that defendant involuntarily terminated his full-time employment for the purpose of reducing the amount of alimony pendente lite payments to plaintiff. Quite *895 to the contrary, he did so in furtherance of his continued education with the anticipation of a later increased earning potential,
However, while it is indeed to one’s credit to further his education, this may not be accomplished at the complete sacrifice of his wife and child to the extent that they are deprived of the necessities of life and forced to become charges upon the state, as in this case where Mrs. Koon is collecting welfare and receiving food stamps.
While much discretion also must be accorded to the determination of the trial judge in alimony matters, nevertheless, we are of the opinion that the amount of the award is inadequate in this case and should be increased. Moreover, we are not convinced that an increase would work an undue hardship on the defendant. Koon pays $25.00 per week to his parents. Of this amount, $80.00 monthly payments are made by them on his automobile. The remaining amount is retained by them. The convenience of the ownership of an automobile must yield to the necessities of life for the wife and child.
Again, in his oral reasons for judgment, the trial judge stated that the sum of $40.00 per month is for the support of the child. He apparently failed to include any amount for the support of the wife. We find error in this respect. There is insufficient evidence to show that the plaintiff wife was gainfully employed although there is some indication that she periodically worked as a barmaid for which she received tips. The record is not clear as to how frequently or infrequently this occurred. Nor is there any evidence of the amount she received. In this instance, then, the wife is entitled to be included in the alimony pendente lite award. We deem an additional ($10.00 per week) to be a proper amount for her support under the circumstances.
Accordingly, it is now ordered that defendant pay to his wife, Mrs. Koon, alimony pendente lite for the support of herself and minor child in the sum of $20.00 per week.
So amended, the judgment is affirmed.
Amended and affirmed.
LEMMON, J., concurs.