WATSON, Judge.
Plaintiff, John Foster Lormand, has appealed from a judgment of the trial court decreeing a final divorce between him and defendant, Eva Advalia Mouton, and ordering Lormand to pay permanent alimony of $175 per month. Lormand contends that the trial court erred:
(1) in not decreeing a previous judgment of separation between the parties to be a nullity;
(2) in finding the separation of the parties to be the fault of the husband;
(3) in increasing the prior alimony award in the absence of a change in circumstances; and
(4) in awarding alimony in excess of one-third of the husband’s income in violation of LSA-C.C. art. 160.
We affirm.
Although the trial court did not specifically decree the nullity of the previous judgment of separation, it is clear from the reasons for judgment that the issue of fault was considered de novo. The same conclusion was reached in this suit as in the previous suit for separation, i. e., that the fault was Lormand’s. The parties have been separated some three years, and no purpose would be served by considering appellant’s contentions about the nullity of the judgment of separation. Re-consideration of the fault issue herein has rendered any complaint about the previous judgment moot.
There is ample testimony in the record to sustain the findings that the separation was due to the husband’s fault and that the wife was not at fault. The parties were married in December, 1939 and had been married some 36 years. Permanent alimony is clearly justified.
The only real issues presented by the appeal are:
(1) whether the increase in alimony was unwarranted; and
(2) whether the amount exceeds one-third of the husband’s income in violation of LSA-C.C art. 160.
It is, of course, unnecessary to show a change in circumstances in order to fix permanent alimony under LSA-C.C. art. 160[1] at a different figure than alimony pendente lite under LSA-C.C. art. 148[2]. Here, the trial court relied heavily on the record in the suit for separation in determining the wife’s means and the husband’s property and earnings. It is contended that the increase is an abuse of the trial court’s discretion.
*922 The trial court increased the alimony of the wife by only $25 per month, setting it at $175 rather than $150. She now pays approximately $40 per month for life insurance, cancer insurance and two policies of hospitalization insurance. The reasons for judgment in the previous suit for separation state:
“ . . . the Court will order that the husband, Mr. Lormand, continue to carry insurance, hospitalization insurance, on his wife so long as he is able to do so.” (TR. 94)
Lormand testified that his wife would continue to be covered by his hospitalization insurance as long as the divorce was not final. The divorce is now final as a result of this judgment. At the time of the former hearing, Lormand was paying the insurance on the 1966 Mercury which his wife was driving. She no longer has this automobile for transportation and he no longer pays her automobile insurance.
The increase of $25 per month is clearly required for the wife’s support.
Lormand testified that his income had not changed from the time of the previous hearing when he was making $125.00 a week plus the use of a truck and an expense allowance of $120 per month. Even without consideration of the expense allowance and the truck, $175 per month does not exceed one-third of Lormand’s gross income, which is $541.66 per month. Lor-mand contends that the one-third should be calculated on his net income rather than his gross but that is not the language of LSA-C.C.,art. 160. Gross pay rather than take-home pay is the proper basis for fixing permanent alimony. Roberts v. Roberts, 145 So.2d 669 (La.App. 4 Cir. 1962). The trial court pointed out in reasons for judgment that:
“His [Lormand’s] salary was reduced from the sum of Three Hundred ($300.00) Dollars a week to the sum of One Hundred twenty-five ($125.00) Dollars per week, several weeks before the alimony rule, by his brother who was and still is his employer.” (TR. 21)
Lormand withdrew the sum of $17,611.36 which was in a certificate of deposit on June 13, 1973 and his wife filed suit for separation on June 21, 1973. Lormand admitted that he did not divide this sum with his wife. Another certificate of deposit in the amount of $5,000 was withdrawn March 5, 1975. While Lormand said he paid bills with some of the money he admitted a lot went for “Gambling and partying and stuff like that.” (TR. 54) These sums constitute part of his “property” under LSA-C.C. art. 160.
It is axiomatic that the trier of fact has much discretion in fixing the amount of alimony and we find no abuse of that discretion. here.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant, John Foster Lormand.
AFFIRMED.

. LSA-C.C. art. 160:
“Art. 160. When the wife has not been at fault, and she has not sufficient means of her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3.The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”

. LSA-C.C. art. 148:
“Art. 148. If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”