359 So.2d 744 (1978)
Jerry COLLINS, Jr.
v.
Deloris Richard, wife of Jerry COLLINS, Jr.
No. 9215.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
*745 Donald P. Conlay, New Orleans, for Jerry Collins, Jr., plaintiff-appellee.
Bettyanne L. Bussoff, New Orleans, on behalf of Deloris Richard Collins, defendant-appellant.
Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Pursuant to R.S. 46:236.1 D. the State of Louisiana, alleging an assignment from the mother of seven minor children, entered this proceeding, originally a 2 year divorce suit filed by the husband, and filed a rule to show cause why child support payments should not be made to the State of Louisiana. The trial judge rendered a judgment awarding child support in the amount of $50.00 per week, and the state, on behalf of the mother, has appealed.
In its program of family and child support, Louisiana has authorized the Health and Human Resources Administration to develop and implement the obtaining of child support from parents, R.S. 46:236.1 et seq. One purpose of the statute is to place the ultimate burden of child support where it belongs, that is, on the parent and not on the taxpayers. While the State properly furnishes immediate relief for needy children, the scheme of the statute allows the State to pursue collection of child support from the person primarily legally responsible for that support. The State is granted a separate cause of action for enforcement of support, or it may proceed by assignment of rights of the custodial parent. In this case the State alleges assignment from the mother. Accordingly, the State stands exactly in the same position as the mother and has no greater rights than she has. The award of child support against the father must be based upon a balancing of the children's needs and the father's ability to pay. L.C.C. Art. 231.
It is unnecessary to refer to specific evidence herein to show that the expenses of raising seven children are in excess of $50.00 per week. Unquestionably the judgment is inadequate to pay for their entire support. The problem that is presented is how much should their father be required to pay?
The father, Jerry Collins, Jr., was employed in 1976 at a net salary after taxes of $12,573.98 per year, earning gross $6.59 per hour. He received a 7% raise in September, 1976. Since the divorce he has remarried and has one child from that marriage, and at trial time his wife was pregnant expecting a second child within a few weeks. He relates that his net income amounted to an average of $225.00 per week (it actually computes in 1976 to $242.00 per week) and that his expenses averaged $237.00 per week, making a net loss of $11.00 per week, which was made up from his wife's salary of $85.00 per week. However his wife would have to quit her job within two weeks of trial because of her pregnancy and health condition, but intended to return to work later.
In resolving this problem, the trial judge awarded the sum of $50.00 per week. It is well settled that a great deal of discretion is vested in the trial judge in determining the proper amount of child support. His judgment should not be set aside unless the evidence clearly reflects an abuse of discretion.
A survey of child support cases reveals that the trial court's award of $50.00 per week for seven children is extremely low. We note that in the division of his pre-raise salary of some $242.00 weekly, the father, second wife and child is allowed more than $192.00 per week (79%) for their living expenses, while his seven children are allowed $50.00 per week. We note for comparison the following cases: Long v. Long, 347 So.2d 513 (La.App. 2d Cir. 1977); Marcus v. Barnett, 282 So.2d 122 (La.1973); Koon v. Koon, 271 So.2d 893 (La.App. 4th Cir. 1973); Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). We conclude that the father's obligation to support *746 his seven minor children is his primary obligation, which has priority over the present indebtedness of the father. The trial judge erred in considering the priority of these obligations, and set the alimony too low. We recognize the problem with which he was confronted, that is, there being insufficient funds for the satisfactory support of both the children and his second family, and we must also fix our figure, not at the amount necessary for the support of the children, but at an amount tempered by the ability of the father to pay, considering the trial court's discretion. Accordingly, we fix the father's obligation to pay child support at the sum of $70.00 per week.
It is ordered that the judgment of child support appealed from is amended to increase the sum to $70.00 per week, and as amended, the judgment is affirmed.
AMENDED AND AFFIRMED.