SAMUEL, Judge.
Plaintiff wife appeals seeking an increase in pendente lite alimony and child support awards for herself and her four minor children.[1] The awards appealed from, which followed a hearing on a rule filed in connection with her petition for separation from bed and board, are in the weekly sums of $40 for alimony and $80 for child support, a total of $120 per week. In addition, plaintiff also has possession and use of the family home.
The parties have been married for some 20 years. The husband had been employed as a technician by a local dental laboratory, beginning with an annual salary of $12,000 which was ultimately increased to $17,000. He earned the latter amount until two yeas prior to the separation, at which time he went into business for himself. The business, involving fabricating crowns and bridges for individual dentists, was a family venture, conducted from the couples’ home. After he trained his wife and children to participate, all worked hard to make the venture a success. The husband worked 14 to 16 hours daily, 7 days a week. Since the dentures were made in the home with only family members involved, the expense of outside rental facilities and outside employees was eliminated. As a result, the business prospered, earning approximate net profits of $32,000 in each of the two years prior to the separation. The business was discontinued after the separation and the husband obtained work as a salesman for a company owned by his father, selling medical equipment to hospitals and doctors, at a salary of $13,000 per year.
The wife listed her total needed monthly expenses for herself and the children at $1,837.50. She is not employed. The husband itemized his needed monthly expenses at $1,552.60.[2] He now earns a gross of $250 per week and a net (after taxes) of $207.77 per week. We note the total amount awarded ($120) leaves the husband with only $87.77 of his net weekly pay for his own weekly needs.[3]
In this court appellant contends the trial judge committed error in these respects: (1) in failing to follow Louisiana jurisprudence which, treats the husband’s ability to earn income as one of his resources considered in fixing the amount of alimony and child support;[4] (2) in failing to follow Louisiana jurisprudence which provides that if a husband voluntarily seeks employment which will substantially reduce the amount of ali *597 mony and child support he is able to pay, except in extraordinary circumstances, payments commensurate with the previous standard of living enjoyed will be allowed; [5] and (3) in failing to follow Louisiana jurisprudence which provides that an award for alimony and child support is to be based on a husband’s gross income as opposed to his net income.[6]
The first two contentions are so interrelated we treat them together. Appellant argues the defendant has the ability to earn approximately $32,000 per year by continuing the family business and that he should be condemned to pay alimony and child support in accordance with that figure. Expressing a willingness to resume the business relationship with her husband, she contends he is capable of earning that amount by continuing the family business and therefore the awards for alimony and child support should be based on an annual income of $32,000, the approximate net profits of that business during the two years it was conducted.
We note the family business earnings for the last two years were generated by all members of the family, and do not reflect earnings of the husband alone. The family earnings resulted from the efforts of the wife and children as well as the husband, all under the husband’s supervision. And it is clear that under the acrimonious circumstances surrounding the separation it is highly unlikely that the business relationship could be successfully reestablished. As pointed out by the husband, the wife would like him to return to the home for business purposes, but sleep elsewhere.
Under those same acrimonious circumstances it also is clear the husband did not voluntarily give up the business. While we do not consider the merits of the separation suit, the record before us shows the wife insisted the husband leave the home. After the separation he tried to get work at one of the local dental conglomerates, but was told they were cutting down. Also, considering the fact that the husband left his former employer to go into business for himself (obviously as a competitor) it is highly unlikely he would be rehired there. Nor does it appear, as appellant further argues, that the husband is being intentionally underpaid in his father’s business. The record is totally devoid of any evidence supporting that argument, and in fact, the evidence is to the contrary. The only evidence on the subject indicates defendant’s salary is the same as, or comparable to, the salaries paid other similarly situated employees in defendant’s father’s business.
Relative to appellant’s third contention, the trial court did base the awards on the amount of defendant’s salary after taxes and the two cases cited by appellant (Penney and Roberts) do hold that, under the circumstances present in those cases, awards for alimony pendente lite and child support should be based on the husband’s gross income. However, in the present case the record fails to disclose what exemptions were claimed, or would be claimed, by either the husband or by the wife. In any event, especially considering the small amount retained by defendant after payment of alimony and child support, the tax question could not make any appreciable difference in those awards.[7]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. After judgment had been handed down in this case, the plaintiff wife filed another suit against the paternal grandfather for support of his grandchildren. That case, No. 9980 of our docket and also handed down this day, was consolidated in this court for argument.

. Both expense estimates appear to be exaggerated.

. Obviously, he cannot pay his alleged needed monthly expenses with that part of the salary he retains. He lives with relatives, etc.

. Citing Civil Code Article 148; Bowsky v. Silverman, 184 La. 977, 168 So. 121; Lewis v. Lewis, La.App., 329 So.2d 778; and Viser v. Viser, La.App., 179 So.2d 672.

.Citing Mosley v. Mosley, La.App., 348 So.2d 225; Baer v. Simon, La.App., 334 So.2d 796; and Koon v. Koon, La.App., 271 So.2d 893.

.Citing Penney v. Penney, La.App., 357 So.2d 53 and Roberts v. Roberts, La.App., 145 So.2d 669.

.See Liles v. Liles, 369 So.2d 479 (1979).