427 So.2d 76 (1983)
Anna Cloud FIRSTLEY
v.
Benny FIRSTLEY.
No. CA-0152.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
Dennis Jude Dannel, New Orleans, for plaintiff-appellee.
Marco A. Rosamano, New Orleans, for defendant-appellant.
Before KLEES, BARRY and CIACCIO, JJ.
KLEES, Judge.
The appellant (Benny Firstley) and the appellee (Anna Cloud Firstley) were married on June 30, 1956, and lived together until February 10, 1981. On that date, the appellant moved out of the matrimonial domicile. The parties then lived separate and apart after the appellant's departure.
On January 27, 1982, Mrs. Firstley filed suit for a separation from bed and board based on cruel treatment. Specifically, she alleged that the appellant had, over a long period of time, demonstrated a propensity for violence and irrational behavior toward her. Mr. Firstley filed an answer in which he denied the allegations of cruel treatment and physical abuse, and in reconvention prayed for a divorce based on living separate and apart for one year.
The trial court granted the parties a divorce based on living separate and apart for more than a year. The court also found Mr. Firstley totally at fault, and granted Mrs. Firstley alimony in the amount of $500 per month.
Mr. Firstley now appeals the decision of the trial court contending that it erred in finding Mrs. Firstley without fault. Alternatively, Mr. Firstley argues that if in fact any alimony is due his ex-wife, then the amount awarded by the trial court is excessive.
La.C.C. Article 160 states in pertinent part:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income."
*77 The appellant argues that Mrs. Firstley was not free of fault, and therefore she is not entitled to alimony. Only the type of conduct that would entitle one spouse to a separation or divorce under La.C.C. Articles 138 or 139 is sufficient to deprive the other spouse of alimony after divorce. Adams v. Adams, 389 So.2d 381 (La.1980).
Having noted that fault for the purpose of alimony preclusion is synonymous with the fault grounds for separation and divorce, this court must decide whether Mrs. Firstley's actions would have been sufficient to allow the appellant to obtain a judgment against her under either C.C. Article 138 or 139.
The appellant points out that on February 10, 1981, the date when he left the matrimonial domicile, Mrs. Firstley shot him twice with a gun. On its surface, this incident would appear to be a sufficient ground for separation under La.C.C. Article 138(6). In relevant part, the article states:
"Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
6. Of an attempt of one of the married persons against the life of the other."
However, the actions of Mrs. Firstley cannot be viewed in isolation. The record reflects that the appellant, throughout his marriage, administered numerous beatings to his wife. The appellee, Mrs. Firstley, testified to the beatings that she had suffered. And, her testimony was corroborated by two of her children.[1] Furthermore, the record indicates that the appellant was again abusing his wife on the night of the shooting incident.
As the trial judge stated, there comes a point in time in situations like this when something happens. That "something" occurred on February 10,1981, when Mrs. Firstley shot the appellant. The trial judge obviously believed that her actions were justified in light of the appellant's history of physical abuse to his wife. This court cannot reverse the factual determination by the trial court unless the trial judge committed manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on the evidence presented, we can find no manifest error in the trial judge's determination.
Appellant relies on Vail v. Vail, 390 So.2d 978 (La.App. 2nd Cir.1980), to support his argument that Mrs. Firstley was not free of fault. In Vail, supra, the court denied the wife alimony because the wife had been at fault in contributing to the break-up of the marriage. The court found that the wife repeatedly complained to and nagged her husband, that she physically assailed him, kicked him, cursed him and scratched him. Because of these actions, the wife was precluded from receiving alimony.
In the instant case, the only evidence that Mrs. Firstley committed the same acts as did the wife in Vail is the self-serving testimony of Mr. Firstley. The trial judge found that Mr. Firstley was unworthy of belief and that his testimony had no truth or veracity. A careful reading of the record supports his conclusion. For this reason, the appellant's reliance on the Vail case is totally without merit.
Mr. Firstley's second argument is that the amount of alimony awarded to Mrs. Firstley exceeds one-third of his income, which is in direct conflict with La.C.C. art. 160. He asserts that his net income is approximately twelve hundred dollars per month. Therefore, he concludes that the maximum amount awarded should be four hundred dollars per month.
There are two major problems with this argument. First, the appellant argues that there is a steadfast rule that alimony should be based on net salary. However, the jurisprudence of this state indicates that in some situations the gross salary should be used. In Vorisek v. Vorisek, 1982, 423 So.2d 758, this Court found gross salary was the proper basis for figuring support payments. Also, Penney v. Penney, 357 *78 So.2d 53 (La.App. 4th Cir.1978), writ denied, 359 So.2d 197 (La.1978); See: Airhart v. Airhart, 372 So.2d 595 (La.App. 4th Cir. 1979); See: Meyer v. Meyer, 371 So.2d 1304 (La.App. 4th Cir.1979), writ denied, 373 So.2d 546 (La.1979).
Secondly, the $1200 net income figure given by Mr. Firstley is factually in dispute. The tax records of Mr. Firstley introduced at trial reveal that he grossed over $32,000 in 1980, well over the $1200 per month figure. In addition, Mr. Firstley did not include overtime in the $1200 net figure.
In this case, the trial court permitted the introduction of evidence as to both the gross and net salary earned by Mr. Firstley. There is no indication that the court did not consider both figures in fixing the award.
Therefore, the determinative issue is the adequacy of the award in the light of all circumstances established in the record. Vorisek v. Vorisek, supra; Meyer v. Meyer, supra. The record substantiates that Mrs. Firstley is totally incapable of earning money due to physical disabilities. These physical disabilities are, in part, a result of the abuse received during her marriage. Because of her inability to work, the trial judge awarded her $500 per month in alimony.
The setting of alimony is an area in which the trial court is particularly vested with wide discretion. The award should not be disturbed unless it constitutes an abuse of discretion. We find no abuse, and decline to disturb the award.
Accordingly, we affirm the judgment of the trial court. All costs of this appeal to be borne by appellant.
AFFIRMED.
NOTES
[1] The two children were above the age of majority.