452 So.2d 322 (1984)
Patricia Whitty Johnson, Wife of Richard JOHNSON
v.
Richard JOHNSON.
No. CA-1641.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
Rehearing Denied July 24, 1984.
Writ Denied October 26, 1984.
*323 Russ M. Herman, Steven J. Lane, Herman, Herman & Katz, New Orleans, for appellee.
Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for appellant.
Before GULOTTA, BARRY and WILLIAMS, JJ.
GULOTTA, Judge.
This is an appeal from a judgment awarding a mother $1,200.00 per month in post-divorce alimony and $450.00 per month for support of her 13 year old daughter. We reduce the alimony award to the sum of $730.00 per month, but otherwise affirm the judgment.
Both parents are professional artists. The father is a salaried university professor and earns additional income from the sale of his art work. The mother is selfemployed in a studio at her home.
On September 30, 1980, the trial court ordered the father to pay $650.00 per month in alimony pendente lite and $450.00 per month in child support plus his daughter's tuition and school lunch fees. On December 22, 1982, the court awarded the mother $1,800.00 per month permanent alimony and maintained the child support, tuition and lunch fees in the prior amounts. On the husband's motion for a new trial, however, in a February 18, 1983 judgment, the court reduced the permanent alimony to $1,200.00 per month and the child support to $450.00 per month, without any provision for tuition or school lunches. From this February 18, judgment both parties have appealed.
Although not contesting the child support award, the father contends the mother has sufficient means for her support and is not entitled to alimony. Alternatively, he argues the alimony awarded is excessive. The mother, seeking an increase only in the child support award, contends that the father *324 should bear the costs of tuition and school lunches in addition to the $450.00 per month awarded by the trial court.

PERMANENT ALIMONY
The evidence is not in serious dispute. In 1982, the father had a total gross income of approximately $46,050.00, comprised of $26,500.00 in salary as an associate professor of Fine Arts at the University of New Orleans, and $19,555.00 in proceeds from the sale of his paintings. His 1982 net income, however, was approximately $2,200.00 per month, consisting of approximately $1,600.00 in monthly take-home pay from the university and $600.00 in monthly net income from his art sales, after expenses and taxes. At the time of the hearing, in December, 1982, he had $5,000.00 in accounts receivable, approximately $6,000.00 in savings, and two vehicles valued at $7,500.00.
The 39 year old mother has a Master of Fine Arts Degree, and has been self-employed as a professional artist since the separation in 1980. During 1982, she received approximately $10,000.00 in income from art sales, resulting in a net profit of approximately $6,000.00 after expenses.[1] Her savings in a money market fund produced an additional $40.00 to $70.00 per month in interest income in 1982. At the time of the December, 1982 hearing, her balance in the fund was $6,500.00. She owned a house appraised at $118,000.00 and subject to an outstanding $50,000.00 mortgage. In addition to an automobile valued at $8,300.00, with an outstanding loan in the same amount, she expected to receive approximately $4,000.00 from a pending contract to sell two paintings.[2]
The daughter's tuition at a private school amounts to $3,500.00 per year, plus $500.00 in lunch and school related expenses. The mother listed living expenses of $2,000.00 per month for herself, and $489.00 per month for her daughter, excluding tuition, lunch money and housing.
According to the mother, she has not made enough money from her art work to support herself, and has been dependent upon alimony during the two year separation. She further stated that she has depleted her savings to pay living expenses.
The mother intends to continue her profession as a full-time, self-employed artist, and has not sought employment in other fields. Although she had taught secondary school before receiving her graduate degree, and had applied for a teaching position at the New Orleans Academy of Fine Arts, she did not pursue it because of a difference in educational philosophy with her prospective employer.
We reject the father's contention that the mother has failed to show insufficient means for entitlement to post-divorce alimony. According to the father, his college educated ex-wife has the capacity to be self-supportive and is capable of more lucrative gainful employment. He argues that she has "considerable marketable skills", and that his payment of post-divorce alimony effectively requires him to "subsidize" her art career. We disagree.
The claimant spouse's earning capacity is one factor to be considered in determining the entitlement and amount of alimony after divorce. LSA-C.C. Art. 160; Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982). Nonetheless, while earning capacity is a consideration, it does not necessarily follow that the spouse should be required to take immediate employment of any nature immediately following a separation and divorce. Difficulty in finding employment suitable for the spouse's age, training and ability is also a proper consideration. *325 Geter v. Geter, 404 So.2d 1283 (La.App. 2nd Cir.1981).
The mother in the instant case has talent and training for a career as a professional artist. She is pursuing that career full-time through self-employment in her studio at home, which has afforded her some income, although presently insufficient, to meet the basic needs of herself and her daughter. Although the father argues that the mother possesses "marketable skills" entitling her to greater income, we cannot say her rejection of one employment opportunity in teaching art establishes lack of fulfillment of earning capacity to the extent of precluding her from receiving alimony.
Under these circumstances, we find no error in the judgment awarding after divorce alimony.
We do find merit, however, to the husband's alternate contention that the amount of permanent alimony awarded is excessive.
LSA-C.C. Art. 160 provides that permanent periodic alimony shall not exceed one-third of the payor-spouse's income. In evaluating "income" within the meaning of this codal article, the trial judge considers both gross and net income. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981), writ denied 399 So.2d 583 (La.1981). Although gross income may be the proper figure in some cases, the amount awarded is determined in light of all the circumstances of the particular record. Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983).
In the instant case, although alimony of $1,200.00 per month may not appear excessive in light of Mr. Johnson's 1982 gross annual income of $46,000.00, the award greatly exceeds the one-third maximum allowed by LSA-C.C. Art. 160 when his net income of only $2,200.00 per month is considered. Significantly, he has no control over his payroll deductions from his gross salary at the university, and there is no showing that the expenses deducted from his gross art sales are unreasonable or padded. Under the circumstances, therefore, his net rather than gross income is the only meaningful figure to be considered in determining the alimony award.
Accordingly, considering Mr. Johnson's net income of $2,200.00 per month, we conclude the trial court's award of $1,200.00 per month in permanent alimony is excessive, and must be reduced to the sum of $730.00 per month.

CHILD SUPPORT
Turning now to the mother's appeal of the $450.00 per month child support award, we find no error. The mother contends the trial judge erred in failing to include the cost of tuition and school lunches in addition to the monthly support obligation.
Although the judgment relieves the father from his pre-divorce obligation to pay the daughter's tuition and lunch fees totaling approximately $4,000.00 per year, we find no abuse of the trial judge's wide discretion in setting the child support. Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App. 4th Cir.1981); Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir.1979). The daughter's needs will continue to be met through the father's support contribution, as well as the mother's income, which is supplemented by alimony. Under these circumstances, we find no basis for increasing the child support award.

DECREE
For the foregoing reasons, the judgment of February 18, 1983, insofar as it orders Richard Johnson to pay Patricia Whitty Johnson permanent alimony in the sum of $1,200.00 per month, is amended to provide that he pay her a reduced amount of permanent alimony in the sum of $730.00 per month, effective from the date this court's judgment becomes final. In all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Although the mother stated her net income from art sales in 1982 was $4,239.98, she acknowledged that approximately $1,800.00 in professional expenses were duplicated on a list of her personal expenses and could be added to her net income, resulting in a total of $6,039.98 in net income during 1982.
[2] The pending contract was valued at $8,100.00. The mother had already received a $1,200.00 advance and expected to earn 60% of the remaining balance.