DUFRESNE, Judge.
This appeal was brought by the defendant, Gerald Boudreaux, against his former wife, Diana Boudreaux, from a judgment on a rule denying a reduction in child support.
By an earlier consent judgment dated March 4, 1983, Mrs. Boudreaux was awarded, in globo, the sum of $400.00 per month for support of the parties’ three minor children, Dwayne, Bryan and Gerilyn.
Furthermore, Mr. Boudreaux was ordered to name his minor children as insureds on his employment medical insurance plan.
Subsequently, Dwayne attained the age of majority and on this basis, Mr. Bou-dreaux filed a rule to decrease child support. Before a hearing could be held, the parties executed a consent judgment reducing the child support obligation to $266.67, per month, representing a pro rata reduction.
When the second oldest child, Bryan, reached eighteen Mr. Boudreaux again filed a rule to reduce child support seeking to have the existing $266.67 monthly support reduced on a pro rata basis.
The trial court denied Mr. Boudreaux’s motion for reduction in child support and from this decision, he has appealed, arguing that the denial was not supported by the evidence, and in effect grants an increase in child support for the youngest child without any evidence of change in circumstances.
The trial court reasoned that $266.67 per month was reasonable for one child and the previous child support judgment of $266.67 per month was grossly under the amount *89 for two children. Consequently, Mr. Bou-dreaux had the benefit of this minimum amount over the last two or three years, and held that $266.67 per month was fair and reasonable under the circumstances.
The trial court is vested with wide discretion when fixing child support, and the exercise of this discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of this discretion, St. Romain v. St. Romain, 473 So.2d 390 (La.App. 3rd Cir.1985).
The amount of child support cannot be determined with any mathematical certainty, all of the facts and circumstances of each must be considered, Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982).
In order for Mr. Boudreaux to obtain any reduction in child support, he must prove a change in the financial condition of one of the parties to such an extent that the increase or decrease is clearly necessary from the circumstances, Beaullieu v. Beaullieu, 460 So.2d 716 (La.App. 3rd Cir.1984).
In this case, the evidence was not clearly sufficient to support an order reducing child support payments. Furthermore, we find the trial court was well within its discretion refusing to grant a reduction.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.