527 So.2d 15 (1988)
Thelma Jeter BUSHNELL, Plaintiff-Appellee,
v.
Harry Martin BUSHNELL, Defendant-Appellant.
No. 87-180.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*16 Smith, Ford & Clark, Chris Smith, III, Leesville, for plaintiff-appellee.
Dan Melichar, Alexandria, for defendant-appellant.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
Harry Martin Bushnell, the defendant-appellant, appeals the judgment of the Thirteenth Judicial District Court, Parish of Vernon, ordering him to pay Thelma Jeter Bushnell, the plaintiff-appellee, permanent alimony in the amount of $750.00 per month. We affirm.
On February 2, 1984, the plaintiff filed suit for legal separation from the defendant. Judgment was rendered on March 21, 1984, granting the plaintiff alimony pendente lite in the amount of $1,350.00 per month and awarding child support in the amount of $500.00. A divorce was granted on January 27, 1986 and the defendant was ordered to pay $1,000.00 per month in permanent alimony. Since the child had reached the age of majority, no child support was awarded.
Defendant filed, on August 13, 1986, a rule seeking the reduction of his alimentary obligation. The defendant, in support of his position, argued that his income had decreased to such an extent that his alimony payments should be terminated or reduced. Subsequent to a hearing on the matter, judgment was rendered reducing the plaintiff's alimony to $750.00 per month. It is from this judgment that the defendant appeals.
The defendant contends in his brief that the issue in this appeal is, "Whether appellant can be required to pay more than one-third of his gross income as permanent alimony after divorce." We believe the appellant has misstated the issue. Correctly stated, the issue presented for review is whether the trial court has ordered the defendant to pay more than one-third of his income in permanent alimony as prohibited by La.Civ.Code art. 160.
Article 160 states, in pertinent part:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. (emphasis added). *17 No definition is given for the word "income". This Court has previously held that the proper figure to use is the payor's gross income, but we have not held precisely what constitutes "gross income". Lormand v. Mouton, 337 So.2d 920 (La.App. 3rd Cir.1976).
Our Brethern on the Second Circuit have provided some guidance for the meaning of "income" for purposes of article 160. In Robinson v. Robinson, 412 So.2d 633, 635, (La.App. 2nd Cir.1982), the Court defined "income" by stating:
Once the amount of the need of the spouse for alimony after divorce is determined, the only limitation is that the amount the other spouse is obligated to pay shall not be more than one-third of that spouse's income, and that the amount shall be determined by the other spouse's means or ability to pay. The word income in C.C. 160 should be fairly construed in light of its context in the statute, the purpose of the statute, and with other language of the statute (such as property, means, and assets). C.C. 160 income is not synonymous with income under federal or state tax law, but includes such things as disability insurance payments and bookkeeping losses or deductions for depreciation. See also, Stolier v. Stolier, 357 So.2d 1334 (La. App. 4th Cir.1978), writ denied, 359 So. 2d 621 (La.1978).
Thus, a determination of income may include amounts other than just salary.
Other courts have also used benefits other than just salary for determining the "income" of the payor. In Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982), the Court included noncash company benefits in determining the payor's income. Noncash income was also used by the First Circuit in Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). We are, therefore, comfortable in concluding that it is common practice in Louisiana to consider noncash income as "income" for purposes of article 160.
The defendant, in his brief on appeal, cites Johnson v. Johnson, 452 So.2d 322 (La.App. 4th Cir.1984), writ denied, 458 So.2d 486 (La.1984), as authority in support of his position that article 160 limits the payor's obligation to one-third of his income. The Court, even in Johnson, however, stated that income should be analyzed "in light of all the circumstances of the particular record." Id. at 325. See also, Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983). The Trial Judge in the instant case, therefore, properly looked to noncash benefits and other sources of income to determine the defendant's "income".
Defendant maintains on appeal that his sole "income" amounts to $1,094.00 per month, and consists of payments he receives from a trust fund and payments he receives on a note he accepted when he financed the sale of a home he owned prior to the marriage. This provides Mr. Bushnell with an annual income of slightly in excess of $13,000.00. It would be inappropriate, based upon the record, to conclude that this is defendant's income for purposes of article 160. This figure, which based on the evidence is very low, appears to be a consequence of defendant's action, or more correctly, his inaction.
It was determined at trial that defendant had the use of the community home valued at over $100,000.00. The house is furnished with community property and he has possession of the community pontoon barge. The defendant, additionally, purchased a 1985 pickup truck in late 1984 when the '85 models first appeared on the market.
Defendant asserts he owes money to various people including his mother and that he is being sued. Despite these problems and expenses, however, Mr. Bushnell has, by choice, remained unemployed.
Mr. Bushnell testified he retired at the age of thirty-four and that at the time of trial, at the age of thirty-eight, he had not yet returned to the work force. He stated he has a business degree with minors in economics and accounting and that he had worked in the insurance industry for ten or eleven years. When the defendant was asked why he had not sought employment, he retorted, "No reason to."
*18 In the instant case, we are not holding that the defendant must go to work to pay his alimentary obligation. The jurisprudence has established, however, that, "[a] parent and spouse will not be relieved of his obligation to support his children and pay alimony because of an unstable financial condition brought upon himself." Durbin v. Durbin, 424 So.2d 1130, 1132 (La. App. 1st Cir.1982). See also, Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Ledet v. Ledet, 416 So.2d 1309 (La.App. 1st Cir.1982).
The defendant has provided in his home, shelter and support for his girlfriend and her child. Although defendant's only means of transportation at the time of trial was the 1985 pickup truck, he had leased two Nissan 300 ZX automobiles and upon their return had leased a Cadillac Fleetwood Brougham and a Camero. This behavior combined with other evidence of an extravagent lifestyle cannot be allowed to form the foundation for an elimination of defendant's alimentary obligation. Given defendant's educational background and work experience, if defendant's current "income" is insufficient to meet his obligations, it would appear to be the result of defendant's own intentional actions.
In determining the amount of alimony to be paid, the courts are instructed by article 160 to consider many factors. Included in these factors are: (1) age; (2) health; (3) earning capacity; (4) income; (5) means; and (6) assets. The only issue on appeal is Mr. Bushnell's income and capabilities.
The Trial Judge has heard the evidence in this case from its inception, including Mr. Bushnell's testimony concerning his "income". Mr. Bushnell's standard of living defies his submission of an "income" of $13,000.00 a year. Whether the Trial Judge determined defendant's income was supplemented with noncash benefits or from cash received from sources not specifically addressed in the record on appeal, or whether the Trial Judge concluded that the defendant was trying to avoid the alimentary obligation by refusing to seek employment, this Court cannot find that the Trial Court was manifestly erroneous in determining defendant's income sufficient to pay plaintiff $750.00 per month in permanent alimony. The Trial Judge is granted great discretion in awarding permanent alimony and this discretion was not abused. Lamb v. Lamb, 461 So.2d 531 (La.App. 3rd Cir.1984), writ denied, 464 So.2d 1381 (La. 1985).
For the above and foregoing reasons, the judgment of the District Court reducing the monthly permanent alimony payable by Harry Martin Bushnell to Thelma Jeter Bushnell from $1,000.00 to $750.00, which payments were to commence January, 1987, is affirmed.
All costs of this appeal are assessed against Harry Martin Bushnell.
AFFIRMED.