DUFRESNE, Judge.
Plaintiff, Josephine Ballanco appeals the trial court’s decision reducing post-divorce alimony and child support. Because we find the record void of any judicial error, we affirm.
Plaintiff and the defendant, Gerard Bal-lanco, M.D., were divorced on June 27, 1983, with alimony and child support set at that time; however, said money awards were altered after the filing of several rules to modify. The latest series of motions to alter previous money judgments is the focus of this appeal.
On September 18, 1987, plaintiff filed a “Motion to Increase Child Support”, at which time three of the four children were minors. However, on December 8, 1987, only two minor children remained, namely, Gerard, age 14 and Barbara, age 11.
The previous child support award which was ordered by the trial court and affirmed by this court had been rendered April 4, 1986, when a “Consent Judgment” ordering the defendant to pay child support for the benefit of his four minor children in the amount of $1,700.00 per month and alimony for plaintiff in the amount of $1,300.00 per month. In addition to the $3,000.00 per month, defendant was to provide hospitalization and major medical insurance for the minor children, as well as pay for all drug and medical expenses related to the medical, dental or hospital expenses of the four minor children.
On October 7, 1987, the defendant filed a “Rule to Decrease Post-Divorce Alimony and Child Support”, and shortly thereafter, plaintiff filed an additional “Motion to Increase Post-Divorce Alimony” on October 13, 1987.
All motions were tried on March 2, 1988, and the trial court rendered a judgment which reduced the child support from $1,700.00 per month to $1,300.00 per month for support of defendant’s two minor children, and reduced the post-divorce alimony from $1,300.00 per month to $800.00 per month. However, in addition to cash payments in child support, defendant was ordered to continue to maintain the minor children as named insureds on policies of hospitalization and major medical insurance, and be responsible for all drug and other expenses associated with the medical, dental or hospitalization costs of the two minor children.
From this judgment, plaintiff has appealed, and assigned the following specifications of error:
1. The trial court erred in its determination that simply because another child has reached the age of majority that a reduction of child support is warranted.
2. The trial court erred in re-considering the lifestyles of both plaintiff and defendant.
3. The trial court erred in its determination that defendant had a reduction of income.
*1102 4. The trial court erred in considering defendant’s tax liability.
5. The trial court erred in considering the assets available to plaintiff which it erroneously determined were not being used.
6. The trial court erred in basing its decision upon plaintiffs alleged lack of any attempt to seek employment during the six years since plaintiff and defendant had separated.
7. The trial court erred in reducing the alimony and child support; and denying the Motion to Increase Alimony and Child Support.
In addition to the issues raised by plaintiff, the defendant has answered the appeal and asserts the following issues for our review:
1. Whether the trial court erred in its award of post-divorce alimony.
2. Whether the trial court erred in its award of child support.
After reviewing the record we find thoughtful consideration taken by the trial court after careful examination of all relevant facts. The trial court evaluated various factors when determining whether to reduce or increase post-divorce alimony and child support, they are:
1. Another child reached the age of majority;
2. The lifestyles of both plaintiff and defendant;
3. The reduction of defendant’s income;
4. Defendant’s tax liability and how it impacts upon his disposable income;
5. The assets available to plaintiff which are not being utilized; and
6. Lastly, plaintiff’s lack of any attempt to seek employment during the six years since the parties separated.
We find the trial court’s analysis of the surrounding facts to be appropriate and accurate in its determination of any money award.
The trial court did not merely consider the attainment of majority of another child, rather considered the totality of facts, as well as the needs of the remaining minor children. We do not find our decision in Boudreaux v. Boudreaux, 498 So.2d 88 (La.App. 5th Cir.1986) as analogous to this case, because there were other factors which were considered prior to any reduction in child support. Furthermore, the trial court’s award for child support did not approach the threshold level of support. The trial court awarded $650.00 per child, per month (for 2 children), or a total of $1,300.00 per month. We find this amount adequate. Although the trial court reduced the inglobo amount of child support, it increased the “per child” award. When the amount of $1,700.00 was awarded on April 4, 1986, there were four children, as such, the award basically allowed $425.00 per child; when there were three minor children the per child award was $566.00; and this last award for child support made by the trial court in its March 11, 1988, judgment effectively allowed for an actual net per child cash increase to $650.00. We find this award to be fair and just.
Whenever the issue of support is before the court, the lifestyles of both parents are carefully examined. Cressend v. Cressend, 514 So.2d 225 (La.App. 5th Cir.1987) and Bushnell v. Bushnell, 527 So.2d 15 (La.App. 3rd Cir.1988). The reason for this comparison of lifestyles of payor and beneficiary is to make sure that the beneficary (a minor child) is properly maintained.
The court seeks to establish a relative balance in lifestyles between the pay- or/parent and the minor children. The payor/parent should not be living an extravagant lifestyle while his children are suffering under necessitous living conditions. This factor is not used to establish a change in circumstances, rather to determine the financial neglect of any parent.
We agree with the trial court that the defendant proved a reduction in income sufficient to establish a substantial change in circumstances.
In 1986, defendant had ordinary income of $97,604.00, with withdrawals and distributions from the partnership of $95,984.00. Also, in 1986, defendant’s present wife was employed, and because they have a prenuptial agreement, her expenses were excised *1103 from the monthly expense list, resulting in total monthly expenses, not including federal and state income taxes, of $3,418.09. In 1987 and 1988, defendant’s wife became unemployed, and as a result defendant was obligated to pay all household expenses which amounted to $4,503.50. Defendant’s percentage of partnership income (medical partnership) was reduced in 1988 from 16.42% to 15.94%.
Additionally, there were increased professional liability insurance premiums and a mandatory participation in a retirement plan. This retirement alone, reduced defendant’s salary by 8%. The record reflects a reduction of income which would support a change in economic circumstance.
Defendant testified and was uncontra-dicted, that his tax liability for 1987 exceeded $25,000.00. But, because of his expenses he was unable to pay either the 1986 Federal Income Tax as accrued or the 1987 Federal Income Tax as it accrued, as he was forced to make loans to pay these taxes. In fact, notwithstanding the loans which defendant testified to, he further testified that he will have to borrow additional amounts for 1987 and 1988 Federal and State Taxes.
The defendant’s tax liability, in this case, is only one of many criteria to be considered and is a relevant factor in determining actual income and ability to pay alimony and support awards.
Regarding the trial court’s consideration of the assets available to plaintiff, we have reviewed Article 160 of our Civil Code, which clearly provides in Section A(2)(a) that the income, means and assets of the (former) spouses are to be considered. The fact that the trial judge considered these, is in conformity with the Civil Code. The record is clear that the assets include, but are not limited to approximately sixty pieces of property titled to plaintiff in the State of Mississippi. The plaintiff alleges that she does not receive funds from this, however, on cross examination, she admitted that she received substantial amounts of money from her mother to whom she has given power of attorney to administer the property. Her mother, Marguerite Kalif Joban, testified that she provides assistance to her daughter from the income received from these properties.
The trial Court had a right (a duty) to give consideration to the assets in the name of plaintiff in determining her financial condition. There is no doubt that certain properties in Mississippi are being used to provide funds to plaintiff.
Relative to plaintiff’s employability or lack thereof, we are concerned about her reliance upon her former husband’s economic resources even though she had the physical and mental abilities to obtain gainful and meaningful employment.
The record discloses that the plaintiff is 41 years old and other than the mild arthritic condition she complained of, she has no physical disabilities. She is a high school graduate and has enrolled at various colleges and/or schools since the separation, but has never completed any of the courses. Both minor children are enrolled in school full time. She admits that a number of years ago she worked as a secretary and answered phones and admits that she can still do that. She further states that she made no effort whatsoever to apply for employment since the separation of 1982, a period of approximately six years.
The trial judge did not merely consider plaintiff’s lack of employment, rather used the duration of alimony after divorce and plaintiff’s ability to work and failure to do so as one more factor in considering post-divorce alimony. Standing alone, this single ground would be insufficient. However, taken together with all other factors would essentially formulate a basis for an award.
In Ware v. Ware, 461 So.2d 467 (La.App. 5th Cir.1984) we held that a trial court is vested with much discretion when fixing alimony after a divorce (CC. art. 160) and the award should not be reversed absent clear abuse of discretion. See also Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
It is clear from the trial court’s written reasons, that plaintiff was given substan *1104 tial and due consideration because she was enrolled in school, and consequently was awarded a fair and just award of $800.00 per month for alimony after divorce.
In response to defendant’s answer to this appeal, we are convinced after review of the record that terminating post-divorce alimony to plaintiff at this time would be inappropriate. However, we recognize that plaintiff should not be given an unreasonable time period to obtain the necessary job skills, whether through education, job training or otherwise to pursue efforts in being self-supporting. After divorce no individual should avoid employment and be economically dependent upon another when she (or he) has the physical and mental abilities to engage in gainful employment.
Regarding defendant’s response to the award of child support, we find the amount just and fair. Any reduction would be inappropriate and inconsistent with the jurisprudence of this State. We find no error with the judgment of the trial court.
Accordingly, for the reasons assigned above, we affirm the judgment of the trial court.
AFFIRMED.
BOWES, J., concurs and assigns reasons.