798 So.2d 195 (2001)
Ascunsion Pellitero McCARTY
v.
Moss McCARTY, Jr.
No. 2000-CA-2212.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 2001.
Rehearing Denied November 13, 2001.
*196 Gwendolyn Marie Hanhart, and Lindsey M. Ladouceur, Ladouceur & Ladouceur, L.L.C., New Orleans, LA, Counsel for Plaintiff/Appellant.
Ray A. Bright, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.
Judge MICHAEL E. KIRBY.
Plaintiff, Asuncion Pellitero McCarty, appeals the trial court's judgment awarding her $700.00 per month in permanent alimony. Mrs. McCarty argues on appeal that the amount awarded is insufficient to provide for her basic necessities.
Asuncion McCarty and the defendant, Moss McCarty, Jr., are former spouses. They were married on January 17, 1976. Mrs. McCarty filed a petition for divorce on May 7, 1996, and a judgment of divorce was rendered on June 21, 1996. On June 4, 1997, Mrs. McCarty filed a rule for permanent alimony. On March 18, 1998, the trial court rendered judgment awarding Mrs. McCarty "rehabilitative support" in the amount of $700.00 per month for an eighteen month period, beginning April 1, 1998 and ending November 1, 1999.
Mrs. McCarty appealed the March 18, 1998 judgment, arguing that the trial court erred in awarding permanent alimony for a specified, limited term and that the amount of permanent alimony awarded by the trial court was insufficient. Mr. McCarty answered the appeal, arguing that the trial court should not have awarded permanent alimony in the absence of a finding that Mrs. McCarty was free from fault in the dissolution of the marriage.
In McCarty v. McCarty, 98-2270 (La. App. 4 Cir. 3/31/99), 729 So.2d 1146, writ denied, 99-1567 (La.9/17/99), 747 So.2d 562, this Court reversed the portion of the judgment that imposed an eighteen month time limitation on the award of permanent alimony, but remanded this case to the trial court for a ruling as to whether or not Mrs. McCarty established that she was free from fault. This Court stated that it was unable to rule on the issue of fault because of insufficient evidence in the record. Id. Because of this inability to rule on the issue of fault, this Court declined to rule on the sufficiency of the alimony award in that appeal. Id.
On remand, the trial court rendered judgment on March 15, 2000, finding that Mrs. McCarty established that she was free from fault in the dissolution of the marriage. Mrs. McCarty now appeals the remaining issue of the sufficiency of the alimony award.
Before we address the sufficiency of the alimony award, we will address Mr. McCarty's argument that Mrs. McCarty's appeal was untimely. The parties agree that the delay for filing an appeal of a judgment awarding alimony is thirty days from the date of expiration of the new trial period in accordance with La. C.C.P. arts. 3942 and 3943. However, Mr. McCarty contends that the delay for applying for a new trial in this matter was seven days from the date the judgment was signed. Mrs. McCarty contends that the delay for applying for a new trial in this matter was seven days from the date notice of the signing of judgment was sent by the clerk *197 of court pursuant to La. C.C.P. arts.1974 and 1913.
At the time the instant action was filed, La. C.C.P. art.1974 stated as follows:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
At the time the instant action was filed[1], La. C.C.P. art.1913 stated as follows, in pertinent part:
B. Except as otherwise provided by Article 3307, in every contested case, except in the case where the judgment rendered is signed the same day as trial and all counsel or parties not represented by counsel are present, notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
In this case, the second trial on the issue of fault was held on March 2, 2000. The trial court rendered its decision from the bench, but the written judgment was not signed until March 15, 2000. Because the judgment was not signed on the same day as the trial, notice of the signing of judgment was required in this case under La. C.C.P. art. 1913B. The Clerk of Court issued the notice of the signing of judgment on April 10, 2000. Mrs. McCarty's motion for appeal was filed on April 26, 2000. The appeal was timely according to the provisions of La. C.C.P. arts.1974 and 1913.
An award of alimony after divorce is controlled by La. C.C. art. 112. Article 112 was amended with substantial changes by Act 1078 of the 1997 session of the Louisiana Legislature, effective January 1, 1998. The petition of divorce in this matter was filed prior to the effective date of the 1997 amendment. La. R.S. 9:386 provides that the 1997 revisions do not apply to actions for divorce or incidental matters that were commenced prior to the effective date of Act 1078. At the time the divorce petition in this case was filed, C.C. art. 112 provided, in pertinent part:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.....
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse's earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;

*198 (f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
Permanent alimony may cover such expenses as food, clothing, shelter, reasonable and necessary expenses for transportation, medical care, medication, utilities, household maintenance, and income tax liability arising from the alimony payments. Hester v. Hester, 93-1665, p. 5 (La.App. 4 Cir. 9/15/94), 643 So.2d 216, 219. However, this Court has held that permanent alimony should not cover such expenses as newspapers, gifts, recreation, vacations and church tithes. Id., citing Shenk v. Shenk, 563 So.2d 1000 (La.App. 4 Cir.1990); Volker v. Volker, 398 So.2d 134 (La.App. 3 Cir.1981).
La. C.C. art. 112 provided at the time these divorce proceedings were commenced that permanent periodic alimony cannot exceed one-third of the payorspouse's income. That article did not state whether gross or net income is to be used in the calculations. In Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4 Cir.1982), this Court held that gross income is the proper figure to be considered for purposes of alimony. However, in the subsequent case of Johnson v. Johnson, 452 So.2d 322 (La. App. 4 Cir.1984), this Court stated that the trial court must consider both gross and net income and determine which figure is appropriate in light of all of the circumstances of a particular case.[2] We recognize that the 1997 amendment to La. C.C. art. 112 specified that the payor-spouse's net income be used in calculating an alimony award. However, as stated above, that amended version of La. C.C. article 112 is not applicable in this case.
An award of alimony will not be disturbed unless the trial court has abused its discretion. Hester v. Hester, supra.
Mrs. McCarty lists her basic monthly expenses as follows:

Food $125.00
Mortgage Payment 579.00
Utilities 205.00
Health Insurance 180.00
Automobile Insurance 120.00
Gasoline and auto repairs 100.00
Car note 563.00

These amounts total $1,872.00. Mrs. McCarty estimates that her income tax liability for monthly alimony payments of $1,872.00 would be an additional $238.75 per month. Based on these calculations, Mrs. McCarty asks that this Court increase her monthly alimony award from $700.00 to $2,110.75.
Mr. McCarty disputes the necessity of plaintiff's purchase of a new vehicle. He contends that Mrs. McCarty's income statement does not include amounts received from two adult children who reside with her. He also contends that because the adult children live in the house with their mother and frequently use her car, some of the living expenses claimed by Mrs. McCarty would not be as high if the two adult children were not residing with her.
In his appeal brief, Mr. McCarty argues that the trial court did not abuse its discretion in awarding monthly alimony of $700.00. He does not state what his gross *199 or net income is; rather, he states that the trial court addressed the financial matters presented by the parties and made reasonable choices in evaluating conflicting evidence.
Based on our review of the record, we find that the trial court abused its discretion in awarding Mrs. McCarty monthly alimony of $700.00 because that amount is insufficient to cover her basic living expenses. The trial court did not give reasons for judgment, so we do not know how the trial court arrived at the $700.00 figure.
The judgment does not include an assessment of Mr. McCarty's income. In Zatzkis v. Zatzkis, 632 So.2d 307 (La.App. 4 Cir.1993), this Court stated that evidence used to assess a party's income must be limited to what existed at the time of the hearing. In this case, the hearing regarding alimony payments was held on March 5, 1998. The latest tax return in evidence at the March 5, 1998 hearing was for the year 1996 and revealed Mr. McCarty's gross income as $77,200.00 or $6,433.33 per month, and a net income of $64,264.00 or $5,355.33 per month. At the hearing, Mr. McCarty claims that his income was unusually high in 1996 because he worked a lot of overtime and that his gross annual income for 1997 was approximately $8,000.00 lower. Although Mr. McCarty's 1997 tax return had not yet been filed at the time of the March hearing, he was shown his 1997 W-2 form at the hearing and testified that it showed that he earned $69,233.00 in wages for that year. The 1997 W-2 form is not contained in the appeal record because it was not offered into evidence at trial. Therefore, we cannot accurately assess defendant's net income for 1997.
The record does contain two pay stubs covering the period from January 4-31, 1998, which reflect $3,794.49 in gross income and $2,033.65 in net income for that four-week period. Those two 1998 pay stubs show that some of Mr. McCarty's payroll deductions are voluntary. Therefore, in this particular situation, we find that Mr. McCarty's gross income is the proper figure to be considered for purposes of alimony. But we will consider only his 1996 and 1997 gross income because there is insufficient evidence in the record to accurately gauge his 1998 gross income.
Based on the evidence presented, we have determined that Mr. McCarty's annual gross income is at least $69,000.00. That results is a minimum monthly gross income of $5,750.00.
Mr. McCarty's argument that this Court should consider amounts given to Mrs. McCarty by her adult children in assessing the sufficiency of the alimony award is without merit. Any amounts that the adult children give to their mother are gratuitous. A spouse's legal obligation to pay alimony is not obviated by the gratuity of another. Zatzkis v. Zatzkis, supra, citing Gray v. Gray, 451 So.2d 579 (La.App. 2 Cir.1984).
Regarding Mrs. McCarty's earning capacity, the record establishes that she is in her early fifties and has not had any steady employment outside of the home since she lived in Spain prior to her 1976 marriage to Mr. McCarty. Mrs. McCarty speaks only broken English and is unable to write in English. Mr. McCarty did not establish that Mrs. McCarty has any source of income, other than the gratuitous contributions of her adult children. Given these facts, we find that Mrs. McCarty's earning capacity at this time is negligible.
Included in Mrs. McCarty's expense list is $563.00 for a car note, $120.00 for automobile insurance and $100.00 for gasoline and automobile repairs. As stated above, *200 permanent alimony may include reasonable and necessary transportation expenses. We find, as the trial court must have found, that the amount alleged by Mrs. McCarty for transportation expenses is excessive.
Other than the transportation expenses alleged by Mrs. McCarty, we find that the amounts listed for her basic living expenses are reasonable and necessary and are supported by the record. The amounts claimed are modest, and we find no merit in Mr. McCarty's claim that Mrs. McCarty's claimed expenses (other the amounts claimed for transportation expenses) are inflated due to the fact that the adult children live in the house with Mrs. McCarty. We find that Mrs. McCarty is entitled to an increased alimony award of $1,700.00 per month, which reflects her basic living expenses and estimated tax liability from alimony payments. This increased award includes expenses for reasonable and necessary transportation, rather than the excessive transportation costs alleged. An award of $1,700.00 per month is less than one-third of Mr. McCarty's gross income.
For the reasons stated above, the trial court judgment is amended to provide that the permanent alimony award to Mrs. McCarty is increased from $700.00 per month to $1,700.00 per month.
AMENDED, AND AS AMENDED AFFIRMED.
NOTES
[1] La. C.C.P. arts.1974 and 1913 were both amended by the Louisiana Legislature Acts 1999, No. 1263; however, the amended versions only apply to actions filed on or after the January 1, 2000 effective date of the amendments.
[2] The alimony awards in the Vorisek and Johnson cases were controlled by La. C.C. art. 160, which was redesignated with identical wording as La. C.C. art. 112 by Acts 1008 and 1009 of 1990, effective January 1, 1991. The version of La. C.C. art. 112 that became effective on January 1, 1991 controls the instant case.