LOTTINGER, Judge.
The defendant-in-rule, Dudley J. Griffin, appeals a permanent alimony award of $300.00 per month to his former wife, plaintiff-in-rule, Earline L. Griffin, on the ground that he is unemployed and the alimony award exceeds the maximum allowable under La.Civ.Code art. 160.
Dudley Griffin had been previously employed on a work boat, but the boat at the time of the hearing on the rule was not working, thus Dudley Griffin was unemployed. Mr. Griffin testified that he looked for work but could find none. However, he also testified that he did not apply for unemployment compensation. The evidence reveals that Mr. Griffin and his second wife operate a barroom-lounge, but Mr. Griffin stated that this business was losing money.
The trial judge apparently found significant that Mr. Griffin did not apply for unemployment when he could have and that he was buying items which he could not afford, such as a car for his 17 year old daughter.
Social security is treatable as a source of income. Robinson v. Robinson, 412 So.2d 633 (La.App. 2d Cir.1982). We believe unemployment compensation should be similarly treated.
We do not find that the trial judge has abused the much discretion vested in him in fixing the alimony award, and therefore affirm at appellant’s costs.
AFFIRMED.