816 So.2d 985 (2002)
Santry DAVIS
v.
Judy Anne St. Julien DAVIS.
No. 02-0088.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
Jo Bush Chandler, Attorney at Law, Lafayette, LA, for Plaintiff/Appellant Santry Davis.
Judy Anne St. Julien Davis, In Proper Person, Lafayette, LA, Defendant/Appellee.
Court composed of BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
DECUIR, Judge.
Santry Davis filed this action against his former wife, Judy Ann St. Julien Davis, seeking a reduction or termination in the amount of alimony he is obligated to pay her each month. The trial court denied Mr. Davis' claim, and we affirm.
Ms. Davis was awarded permanent alimony in 1992. In 2001, Ms. Davis was *986 found to be disabled and began receiving social security disability benefits. According to the record, Ms. Davis is entitled to a maximum income of $531.00 per month. Because she receives $300.00 per month as spousal support from Mr. Davis, her social security disability payment is approximately $250.00. Mr. Davis contends that if his obligation is terminated or reduced to $20.00 or less, Ms. Davis will receive the full amount to which she is entitled from the Social Security Administration.
This case presents the question of which party is entitled to a reduction of its support obligation when another source is available to meet that obligation. Is the federal government entitled to a credit based on a former spouse's support obligation to a disabled person? Or is the former spouse relieved of his support obligation when the government makes a finding of disability and begins making payments pursuant thereto? The trial court reached the following conclusions:
The Court will not sanction Mr. Davis' efforts to let the government pay what he is clearly obligated to pay. The federal government has simply determined that Mrs. Davis is unable to work, and as such ensures that she will receive a monthly subsistence allowance. The Court also notes that Mr. Davis' counsel was unable to find any case law supporting this rather tenuous position.
The Social Security Act provides for the calculation of disability benefits. Benefits are determined based on a number of factors, including the amount of a recipient's earned and unearned income, both of which are specifically defined in the Act. Unearned income includes alimony payments. See 42 U.S.C. § 1382a(a)(2)(E). When calculating the amount of benefits to be paid to a disabled person, the Social Security Administration determines whether that person is receiving support from a former spouse. In this case, the former spouse, Mr. Davis, is judicially obligated to support Ms. Davis by sending her $300.00 each month. That payment is, therefore, classified as unearned income and is used to calculate the amount of Ms. Davis' monthly disability payment. Furthermore, spousal support payments are not excluded income or an excluded resource under 42 U.S.C. §§ 1382a(b) or 1382(b).
In some circumstances, the government will allow another payor to reduce its payments based on the amount of social security benefits to which a recipient is entitled. For instance, in the area of workers' compensation, Louisiana has taken advantage of the Social Security Act's authorization of an offset in favor of the compensation carrier based on the amount of federal disability benefits paid to an injured worker. See 42 U.S.C. § 424a(d); La.R.S. 23:1225; Nabors Drilling USA, Inc. v. Regan, XXXX-XXXXX (La.App. 3 Cir. 11/2/00), 772 So.2d 314.
The workers' compensation offset is authorized by federal law and was specifically enacted by state statute. By contrast, there is no statutory authority for an offset in favor of a former spouse who has been ordered to pay permanent alimony. Additionally, we are aware of no judicial authority for such an offset, and counsel for Mr. Davis has offered none for our review.
Based on the foregoing, we conclude that Mr. Davis has no right to an offset of his spousal support obligation by the amount of social security disability benefits his former wife is entitled to receive. Accordingly, we affirm the judgment of the trial court. Costs of this appeal are assessed to Santry Davis.
AFFIRMED.