# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1578


**LORENDIA KAY JANUARY**

**VERSUS**

**GREGORY TROY JANUARY, SR.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-15871
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Jennifer Jones**
**Jones Law Firm**
**Post Office Drawer 1550**
**Cameron, LA   70631**
**(337) 775-5714**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Lorendia Kay January**

**David P. Bruchhaus**
**Mudd & Bruchhaus, L.L.C.**
**Post Office Box 1510**
**Cameron, LA   70631**
**(337) 775-5063**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Gregory Troy January, Sr.**

AMY, Judge.

Plaintiff-in-rule filed a petition for termination of his spousal-support obligation, claiming that amounts received in social security disability benefits by the defendant-in-rule constituted income that would offset his spousal support obligation. The trial court denied the plaintiff-in-rule's request. From this ruling, the plaintiff-in-rule appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

Gregory T. January, Sr., and Lorendia Kay Savoy were married on March 24, 1984, in Cameron, Lousiana. Two children were born of the marriage: a son, Gregory T. January, Jr., who had attained the age of majority as of the date of trial, and a daughter, who was then thirteen years old. According to the record, the Januarys separated on February 18, 2001. Ms. January subsequently filed for divorce under the provisions of La.Code Civ.P. art. 102 on July 18, 2001. Matters incidental to the divorce—*i.e.*, child custody and spousal support—were addressed in a hearing on August 29, 2001. Ms. January was granted custody of the couple's minor daughter, and Mr. January was ordered, *inter alia*, to pay child support in the amount of $500 per month. In addition, the trial judge determined that Ms. January was free from fault leading to the break-up of the marriage and awarded her final periodic support in the amount of $964 per month. The parties further agreed at this time that Ms. January would temporarily receive coverage under Mr. January's health insurance via COBRA; she would be responsible for paying her premiums. The judgment of divorce was signed on September 4, 2001.

On May 16, 2003, Mr. January filed a petition in which he sought termination of his final periodic support obligation. In this petition, Mr. January alleged that the social security disability benefits received by his ex-wife constituted a material change

in her financial circumstances that would serve to terminate his obligation to pay spousal support. In addition, he alleged that Ms. January's disability did not prevent her from obtaining gainful employment.

Ms. January answered and filed a reconventional demand for increased child support. In her answer, Ms. January admitted that she receives social security benefits; however, she asserted that the court considered her future disability benefits in arriving at a decision on the issue of alimony even though she did not begin to receive these payments until after the judgment of divorce was rendered.

The record reflects that Ms. January suffers from a chronic kidney disease. She underwent a kidney transplant in 1999, which led to serious complications requiring a two-month hospitalization. Ms. January indicated during the divorce proceedings that she makes monthly visits to the doctor in Houston and that she is no longer able to work.

A hearing was held on the spousal-support rule on June 18, 2003, at which time Ms. January voluntarily dismissed her reconventional demand for increased child support. In defense of her alimony award, Ms. January contended that the cost of maintaining insurance coverage through COBRA was not included in the itemization of expenses submitted for the court's consideration in fixing an amount of final periodic support. She noted that her monthly premiums for this insurance were $366.41, paid since September 2001. Ms. January noted that the COBRA coverage will terminate in September 2004; as a result, she contends that she will have no insurance for her prescription medications, which cost an estimated $1800 per month. Ms. January noted that, like the COBRA premiums, her prescription-drug expenses were not on the itemized list submitted to the court in August 2001.

In his oral reasons for judgment, the trial judge observed that, due to the COBRA payments, Ms. January's needs have increased since the original judgment awarding permanent alimony. The trial judge ruled that the original alimony payments were not to be disturbed, and he dismissed Mr. January's petition.

Mr. January appeals this ruling, asserting two assignments of error:

1. The trial judge erred in denying the petition to terminate final periodic spousal support, and

2. The trial judge erred in failing to terminate or to reduce the amount of spousal support paid.

**Discussion**

We note that the appellant's assignments of error cover the same issue; accordingly, we will address them together.

With respect to spousal support, the Louisiana Civil Code provides, in Article 114, that "[a]n award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary." The second circuit has provided the following discussion of the procedure for modification or termination of a spousal support award in *Gilbreath v. Gilbreath*, 32,292, pp. 2-3 (La.App. 2 Cir. 9/22/99), 743 So.2d 300, 302-303:

> An award of alimony is never final. *White v. White*, 393 So.2d 240, 241 (La.App. 1st Cir.1980). The party seeking the modification or termination of support carries the burden of proof that circumstances have changed since the original award. *Rains v. Rains*, 376 So.2d 1298 (La.App. 2d Cir.1979). The modification of a support award does not require a heightened burden of substantial change of circumstances, instead it requires simply showing a change of circumstances as provided in La.Civ.Code art. 142 and La. R.S. 9:311. *Stogner v. Stogner*, 98-C-3044 (La. 7/7/99), 739 So.2d 762.

A trial court is afforded considerable discretion in determining whether to award alimony. *Falterman v. Falterman*, 98-158 (La.App. 5 Cir. 1/13/99), 726 So.2d 1023.

As such, a trial court's rulings in this respect may not be disturbed absent a clear abuse of such discretion or manifest error as to fact. *Id*.

In *Robinson v. Robinson*, 412 So.2d 633 (La.App. 2 Cir. 1982), the petitioner wife sought an increase in spousal support payments based on need. The bulk of the income received by both spouses was in the form of social security benefits; however, the husband received a greater amount each month than did his wife. The trial court had decided that social security benefits were not income that might be used in fulfilling spousal support obligations. However, on appeal, the second circuit interpreted the Social Security Act, 42 U.S.C. § 301, *et seq.*, as allowing social security payments to be considered in deciding the amount of spousal support to be awarded. The court reexamined the wife's expenses in comparison to her monthly income and discovered a deficit. The second circuit determined that this deficit could be resolved by incorporating the husband's social security benefits into his income, pursuant to former Civil Code Article 160 (redesignated as Article 112 by Acts 1990, No. 1008, § 8 and Acts 1990, No. 1009, § 10, both effective January 1, 1991), thereby increasing the amount of his spousal support obligation.

On appeal, Mr. January contends that the second circuit's holding in Robinson requires that he be given a credit for the amount of social security benefits received by his ex-wife each month. Because social security benefits are income, and because the amount of benefits received by his wife each month approximates the amount of his monthly support obligation, Mr. Robinson posits that his support obligation should be terminated. We disagree.

In *Davis v. Davis*, 02-0088 (La.App. 3 Cir. 5/8/02), 816 So.2d 985, the husband petitioned for termination or reduction of his spousal support obligation, claiming that his ex-wife's social security benefits could be used to fulfill that obligation.

4

According to *Davis*, the petitioner's ex-wife was granted permanent spousal support in 1992. Thereafter, in 2001, she began receiving social security disability benefits after it was determined that she was disabled. Ms. Davis was to receive a maximum of $531.00 per month in income. At the time of the hearing on the petition, Ms. Davis was receiving $300 per month in spousal support and approximately $250 each month in social security disability benefits. In support of his assertions, Mr. Davis argued that if he were to cease paying alimony or if he were to pay less than $20 per month, Ms. Davis would receive her maximum amount of income each month, $531.00, from social security. The trial court ruled that Mr. Davis was not allowed to shirk his obligation to his former wife by letting social security pay instead.

On appeal, a panel of this court noted that the Social Security Act sets forth a method for calculating disability benefits, which includes consideration of certain factors, such as the recipient's earned and unearned income, as defined in the Act. The panel observed that, according to 42 U.S.C. § 1382a(a)(2)(E), alimony payments are considered unearned income; as such, when the Social Security Administration determines the amount of benefits to be disbursed in disability cases, it ascertains whether the disabled person is receiving spousal support and, if so, this "unearned income" is factored into the amount of benefits awarded. The panel further observed that spousal support payments do not fall within the ambit of excluded income or an excluded resource pursuant to 42 U.S.C. § § 1382a(b) or1382(b), noting that unlike cases involving workers' compensation payments, "there is no statutory authority for an offset in favor of a former spouse who has been ordered to pay permanent alimony." *Davis*, 816 So.2d at 986. The panel concluded that Mr. Davis was not entitled to an offset based on the amount of social security benefits received by his ex-wife.

We find *Davis* to be persuasive in the matter before us on appeal. As was the situation of the ex-wife in *Davis*, Ms. January was not receiving disability benefits at the time her final periodic support payments were fixed. In another parallel to *Davis*, Mr. January claims that social security benefits received by his wife offset his obligation to pay spousal support. As noted above in the *Davis* decision, the Social Security Act provides that unearned income, including alimony, will be considered in determining a claimant's social security benefits. As such, social security benefits are not income susceptible of offsetting a spouse's final support obligation. Accordingly, we find no abuse of discretion on the part of the trial judge in denying Mr. January's petition for termination of spousal support. This assignment lacks merit.

## DECREE

For the foregoing reasons, the ruling of the trial court is affirmed. All costs of this proceeding are assigned to the plaintiff-in-rule-appellant, Gregory Troy January, Sr.

**AFFIRMED.**