945 So.2d 908 (2006)
Jimmy Lee PIERCE, Plaintiff-Appellee,
v.
Fern Ellen Ainsworth PIERCE, Defendant-Appellant.
No. 41,718-CA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*909 William Alan Pesnell, for Appellant.
John Rettiger Herzog, Shreveport, for Appellee.
Before CARAWAY, MOORE and LOLLEY, JJ.
LOLLEY, J.
Defendant, Fern Ellen Ainsworth Pierce, appeals a judgment from the First Judicial District Court, Parish of Caddo, State of Louisiana, which after a bench trial determined interim and permanent spousal support. For the following reasons, we affirm.

FACTS
Fern and Jimmy Pierce separated after 44 years of marriage. Fern and Jimmy were 65 years old when the divorce was granted, both free of fault, on March 23, 2005. Beginning in 1975, Jimmy, a master plumber, and Fern earned their living from their business, Jimmy L. Pierce Plumbing and Heating Co., Inc., until it ceased to be a formally working corporation in 2001. In 2002, Fern and Jimmy started working for D & J Pierce, Inc., a company which was incorporated by their son and had received assets from the former Jimmy L. Pierce Plumbing and Heating Co., Inc. Due to financial hardship, the son was unable to pay any salary to his parents after March 31, 2005. Although Jimmy retired, he continued to work for his son unpaid and was provided with a truck, gasoline, and a cell phone.
At the time of the trial for spousal support, Jimmy was drawing $1,275.00 per month and Fern was drawing $774.00 per month both from Social Security benefits. The trial court noted that a partition of the couple's assets had not yet occurred. In awarding retroactive interim spousal support the trial court took into consideration Jimmy's earning capacity and awarded Fern the sum of $962.96. However, based on only the current income from Social Security the trial court awarded Fern $425.00 per month in permanent periodic spousal support. Fern now appeals the permanent periodic spousal support award.

LAW AND DISCUSSION
Fern contends that the trial court erred in failing to consider Jimmie's earning capacity and therefore awarded an inadequate *910 sum for permanent periodic spousal support.
Once freedom of fault is established, the basic tests for the amount of spousal support are the needs of that spouse and the ability of the other spouse to pay. La. C.C. arts. 111, 112; Roan v. Roan, 38,383 (La.App.2d Cir.04/14/04), 870 So.2d 626. The award for final periodic spousal support is governed by La. C.C. art. 112, which states in pertinent part:
B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
(1) The income and means of the parties, including the liquidity of such means.
(2) The financial obligations of the parties.
(3) The earning capacity of the parties.
(4) The effect of custody of children upon a party's earning capacity.
(5) The time necessary for the claimant to acquire appropriate education, training, or employment.
(6) The health and age of the parties.
(7) The duration of the marriage.
(8) The tax consequences to either or both parties.
The eight specific factors listed in La. C.C. art. 112 are not exclusive. The relative financial positions of the parties and the standard of living during the marriage are not listed in La. C.C. art. 112 but can be relevant factors. Article 112 also limits the amount to not exceed one-third of the obligor's net income. The trial court is vested with great discretion in making post-divorce alimony determinations, and its judgment will not be disturbed absent a manifest abuse of discretion. Roan, supra.
Fern argues that the trial court should have considered Jimmy's earning capacity, as it did for interim spousal support, resulting in an increased sum of permanent spousal support. Fern contends that since Jimmy is in good health and continues to work and perform physical labor associated with the work he was doing as a plumber, earning capacity should have been considered.
The trial court questioned Jimmy's ability to maintain an earning capacity given his age, high blood pressure, and retirement status. Since there was no proof of other income, the trial court determined the amount of $425.00 per month based only on his Social Security benefits.
Our review of the record, as noted by the trial court, reveals that Jimmy and Fern Pierce fell onto some hard times due to bad investments while doing business as Jimmy L. Pierce, Plumbing and Heating Co., Inc. resulting in much of their assets being encumbered by a sizable judgment. Furthermore, while the son has been operating the business, other issues arose and he was unable to pay his parents a salary due to the poor financial state of the business. Because a partition of the community assets has not yet occurred, we cannot look to the potential earnings from the various pension and retirement funds alluded to by Jimmy.
It is clear that Fern is in financial need and unable to work in light of her poor health. However, it is also apparent that while Jimmy can work, he is able to do limited physical labor and helps his son oftentimes in a supervisory capacity. The trial court explained that there is no way to determine how long Jimmy could work and did not think it appropriate to impute a salary for the purposes of permanent periodic spousal support. The trial court thoroughly reviewed all factors involved and relevant case law, in addition to extensive factual findings at the conclusion of *911 the hearing. Although we recognize Fern's necessitous circumstances, we do not find that the trial court was manifestly erroneous in awarding $425.00 for permanent periodic spousal support.

CONCLUSION
For the foregoing reasons, we affirm the amount for permanent periodic spousal support set forth by the trial court. Costs of this appeal shall be split equally among the parties.
AFFIRMED.