STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0527

DAVID LEE CREEKBAUM

VERSUS

TARYN D. CREEKBAUM

*Judgment Rendered:*  DEC 0 9 2021

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 167117

The Honorable Jeffery T. Oglesbee, Judge Presiding

* * * * * * * *

Sherman Q. Mack
C. Glenn Westmoreland
Emily Guidry
Albany, Louisiana

Counsel for Plaintiff/Appellant
David Lee Creekbaum


Kaitlin Mayeux
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Taryn D. Creekbaum

* * * * * * * *

BEFORE: GUIDRY, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

This appeal arises from the trial court's award of interim and final periodic spousal support. For the reasons set forth herein, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

David Lee Creekbaum and Taryn D. Creekbaum were married in 1985. On June 9, 2020, David filed a petition for divorce. Taryn reconvened, alleging that she was free from fault in the breakup of the marriage, that she is in need of interim and final spousal support, and that David has the ability to pay such support. The parties entered a stipulated judgment on July 15, 2020, addressing several issues, including interim spousal support. Pursuant to this judgment, David was ordered to pay interim spousal support in the amount of $1,250.00 per month; however, David stopped paying interim spousal support after only one payment.[1]

On August 31, 2020, Taryn filed a motion to compel, seeking to have the trial court order David to answer discovery requests propounded on June 29, 2020. The motion to compel was set for hearing on October 21, 2020, at which time the trial court apparently gave David ten days to respond to discovery.[2] On October 29, 2020, Taryn filed a "Rule to Make Past Due Spousal Support Executory and For Contempt," alleging that David failed to pay spousal support as ordered by the stipulated judgment for the months of July, September, and October 2020, and was presently in arrears for the total amount of $3,750.00. A trial was held on November 19, 2020 on the issues of interim and final spousal support, past due spousal support, and contempt.

---

[1] Taryn testified that she is not actually certain that David ever made a single spousal support payment. However, in August, she found three extra money orders in David's Investments' rental payment drop box, which she could not correlate to any of the rental properties. The total of the three money orders was $1,250.00, so she concluded that they must have been an interim spousal support payment from David.

[2] David's discovery responses were not provided within ten days, and the first incomplete discovery responses were apparently faxed to counsel for Taryn on the morning of the trial of this matter.

2

Taryn testified at the trial regarding her income and expenses. Although she worked throughout the parties' thirty-five year marriage, she never earned much income. Taryn worked as a realtor for almost twenty years, but it was never a consistent, stable source of income because she did not have the time to devote to real estate.[3] The parties' primary source of income throughout the marriage was David's business, David's Flooring. For approximately thirty-five years, Taryn managed the business side of David's Flooring, but never received a salary. In 2005, the parties formed another company, David's Investments, which owns rental properties. Taryn utilized her real estate knowledge to acquire properties for David's Investments and managed the company both during and after the marriage; however, the properties do not currently produce any income,[4] and Taryn was never paid for her work there, which she described as "all-consuming" and "a fulltime job." Taryn no longer has a real estate license because she cannot afford the $2,000.00 license renewal fee without the income from David's Flooring. As a result, she currently has no income aside from spousal support, which she has not received for several months.

Taryn calculated her living expenses for the trial using the detailed records she kept for the household throughout the marriage. Based on her 2019 records of the parties' household expenses, she estimated her expenses to be $5,659.64 per month.

Taryn also testified about David's earning capacity and means to pay spousal support. Taryn explained that David had been in the flooring business throughout the marriage, and David's Flooring had always been the parties' primary source of income. Taryn testified that the company reported income of $138,092.50 in 2016, $240,880.83 in 2017, and $144,466.00 in 2018. However,

---

[3] In 2019, Taryn's earnings from real estate were between $2,000.00 and $3,000.00. In the prior three years, her records reflect earnings from real estate of: $1,712.50 (2018); $4,655.00 (2017); and $1,992.50 (2016).
[4] Taryn testified that the properties were purchased as investments to produce retirement income in the future for the parties, but they currently operate at a loss.

3

Taryn alleged that in 2019, David began hiding the income from David's Flooring from her by no longer reporting jobs to her or allowing her to invoice customers. The company reported only $50,557.00 in income that year. When David moved out of the parties' home, he took all of his tools and materials for the flooring business with him, as well as the tools for his new lawn care business, and Taryn believes that he is still working in both capacities, despite his claims that he is unemployed. Additionally, Taryn testified that David withdrew $16,000.00 from the operating account for David's Investments several days before filing the petition for divorce, and she believes that he received a personal injury settlement of $25,000.00 in July of 2020.

David also testified at the trial regarding Taryn's need for support. In response to Taryn's assertion that she has no income, David pointed out that Taryn collects rent from the properties owned by David's Investments, which totals approximately $10,000.00 per month when the properties are fully rented. Further, David claimed that during the marriage, the expenses for the rental properties did not typically exceed the rent collected each month. When questioned about the 2016-2019 tax returns for David's Investments, which show a loss each year, David suggested that some of the claimed expenses are discretionary; however, he acknowledged that Taryn handled all financial matters and he could not give a "solid answer" about those things.

Regarding his own income, David testified that he is no longer working and receives unemployment benefits of $220.00 per week.[5] Although he has been in the flooring business for approximately forty-three years, he testified that it has been eight or nine months since he last worked. Over the course of his trial

---

[5] Although David prepared an income and expense affidavit, it was not provided to opposing counsel until the morning of trial, and Taryn's counsel objected to its use at trial. David's counsel informed the trial court that she could offer no good reason for David's failure to respond to discovery, and David testified vaguely that he has trouble completing written documents by himself and did not know what he needed to do with the discovery requests. The trial court explained to the parties that it needed some evidence of David's income and expenses in order to determine his ability to pay spousal support, and rather than delay the matter further, the parties agreed to allow David to testify as to those matters rather than introduce the affidavit into evidence.

4

testimony, he gave several explanations for why he is not currently working. Initially, he testified that there is no work available, although he has looked for work both in state and out of state, and that COVID has affected his business. He later testified that builders no longer want to hire him because he cannot afford to carry workers' compensation and general liability insurance. Later, he testified that although he is still physically capable of working, he has some sciatic nerve pain and is seeking work outside of the flooring business for that reason. When questioned by the trial court as to whom he contacted in his job search, David answered vaguely that he "contacted a couple of outfits" about jobs that would allow him to sit down, such as operating a forklift or lawnmower. He did get one grass-cutting job, but explained that he was never paid for the work. He admitted on cross examination that he had recently done a flooring job, for which he had been paid, but he did not disclose how much he earned for that job.

David estimated that his expenses total approximately $2,300.00 per month, including $325.00 per month in rent, $300.00 per month for food, $80.00 per week for fuel, $55.00 per month for a cell phone, $30.00-$50.00 a month for household supplies, $20.00 per month for grooming, and $1,250.00 per month for interim spousal support under the consent judgment. Since his expenses exceed his income from unemployment, David testified that he borrows money from the parties' adult son, with whom he currently lives, in order to meet his needs. He admitted that he has not paid the interim spousal support agreed to in the consent judgment because he cannot afford it.

At the conclusion of the trial, the trial court found that Taryn was free from fault in the breakup of the marriage and is in need of spousal support. The trial court found that Taryn's needs total $5,659.64 a month and that her income from real estate, when she still had a license, was minimal at best. The trial court noted that, for unexplained reasons, David's income dramatically decreased over the last

two years. For purposes of the support obligation, the trial court determined David's gross annual income to be $60,000.00, and concluded that he has the ability to pay spousal support in the amount of $1,750.00 a month. Based on these findings, the trial court ordered David to pay Taryn $1,750.00 a month as interim spousal support, retroactive to July 1, 2020, and further ordered David to pay Taryn $1,750.00 a month for a period of five years as final periodic spousal support.[6]

David appealed, arguing that the trial court erred in finding that he has the ability to pay and Taryn has a need for $1,750.00 a month in interim spousal support, and also erred in finding that Taryn is entitled to final periodic support in the amount of $1,750.00 a month for a period of five years.

## DISCUSSION

In a proceeding for divorce or thereafter, the trial court may award interim periodic support to a party, which support shall terminate one hundred eighty days from the rendition of a judgment of divorce, unless extended for good cause shown. La. C.C. arts. 111 and 113(A). The amount of an award of interim spousal support is determined based on the needs of the party requesting the support, the ability of the other party to pay, any interim or final child support obligation, and the standard of living of the parties during the marriage. A spouse seeking interim spousal support bears the burden of proving his or her entitlement to it. *Martello v. Martello*, 2006-0594, p. 6 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 192. A claimant demonstrates the need for interim spousal support if she establishes that she lacks sufficient income or the ability to earn a sufficient income to sustain the style or standard of living that she enjoyed while she resided with the other spouse. *Rodriguez v. Rodriguez*, 2020-0171, p. 3 (La.App. 1 Cir. 11/6/20), 315 So.3d 913,

---

[6] The trial court judgment also held David in contempt for failure to answer discovery timely and failure to pay spousal support due, made $4,400.00 in past due spousal support executory, and awarded attorney fees to Taryn in the amount of $2,500.00.

916. The needs of the claimant spouse have been defined as the total amount sufficient to maintain that spouse in a standard of living comparable to that enjoyed prior to the separation, limited only by the other spouse's ability to pay. *Rodriguez*, 2020-0171 at p. 3, 315 So.3d at 916-917. Once the claimant spouse has established need, the court must examine the ability of the payor spouse to provide support. If the needs of the claimant spouse surpass the ability of the other spouse to pay, interim spousal support should be fixed at a sum which will as nearly as possible be just and fair to all parties involved. *Id.* In assessing a spouse's ability to pay, the court must consider his or her means, which includes any resource from which the wants of life may be supplied, requiring an assessment of the entire financial condition of the payor spouse. This assessment is not limited to income, but also includes any resource from which his or her needs can be supplied, including the spouse's earning capacity. *Rodriguez*, 2020-0171 at pp. 3-4, 315 So.3d at 917.

The trial court is vested with much discretion in determining an award of interim spousal support, and its determination will not be disturbed absent a clear abuse of discretion. *Martello*, 2006-0594 at p. 6, 960 So.2d at 192. Although the trial court is vested with much discretion in awarding interim spousal support, factual findings underlying a trial court's decision are reviewed under the manifest error standard of review. *Rodriguez*, 2020-0171 at p. 4, 315 So.3d at 917.

On appeal, David argues that the trial court abused its discretion in ordering him to pay Taryn $1,750.00 per month in interim spousal support, because Taryn does not have a need for support and he does not have the ability to pay it. However, our review of the record reveals ample factual support for the trial court's finding regarding Taryn's needs and David's ability to pay.

Taryn presented evidence of her lack of income and her expenses. Although David argues on appeal that Taryn receives income from the rental properties,

7

Taryn offered evidence that the expenses for these properties exceed the income, especially since David withdrew $16,000.00 from the operating account for the business. Further, David acknowledged that he did not handle any of the finances during the marriage and could not give "solid" answers about these matters. The trial court clearly believed Taryn's testimony and the evidence presented that she does not receive any income at this time from David's Investments. A factfinder's choice between two permissible views of the evidence cannot be manifestly erroneous. *Schexnayder v. Bridges*, 2015-0786, p. 13 (La.App. 1 Cir. 2/26/16), 190 So.3d 764, 773.

Regarding his ability to pay, David argues that the trial court erred in finding that he has the ability to pay $1,750.00 per month, since he testified that he has been unable to find work for the last eight to nine months and is receiving unemployment benefits of only $220 per week. David's response to the trial court's questions about his search for employment was vague, and he offered no evidence of either his search for employment or his unemployment benefits. On cross-examination, David admitted that he had performed a flooring job recently and received payment for the work, which he had not previously disclosed. Additionally, Taryn introduced evidence of David's usual earnings from his flooring business and testified that she believed he was still working in both his flooring and grass-cutting businesses. The trial court clearly did not believe David's testimony regarding his financial situation and his ability to pay support. Whether a party is voluntarily underemployed is a question of good faith and a fact-based determination subject to the manifest error standard of review. *Freeman v. Freeman*, 2016-0580, pp. 8-9 (La.App. 1 Cir. 4/12/17), 218 So.3d 653, 659. Although the trial court did not expressly conclude that David was voluntarily underemployed, the trial court implicitly found him to be underemployed when it concluded that his gross annual income for purposes of

8

calculating spousal support is $60,000.00. Based on our review of the record, we cannot say that this finding is manifestly erroneous.

Considering the trial court's findings regarding Taryn's need for support and David's ability to pay, we cannot say that the award of $1,750.00 per month in interim spousal support is an abuse of discretion. This assignment of error is without merit.

David next argues that the trial court abused its discretion in ordering him to pay $1,750.00 per month in final spousal support because Taryn does not need the support and he does not have the ability to pay the support. He also argues that the award of final spousal support exceeds one-third of his net income, in violation of La. C.C. art. 112(D).

Final periodic support may be awarded when a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support. La. C.C. art. 111. An award of final periodic support is based on the needs of the party in need of support and the ability of the other party to pay. La. C.C. art. 112. In determining the amount and duration of final support, the court considers all relevant factors, including: (1) the income and means of the parties, including the liquidity of such means; (2) the financial obligations of the parties, including any interim allowance or final child support obligation; (3) the earning capacity of the parties; (4) the effect of custody of children upon a party's earning capacity; (5) the time necessary for the claimant to acquire appropriate education, training, or employment; (6) the health and age of the parties; (7) the duration of the marriage; (8) the tax consequences to either or both parties; and (9) the existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of domestic violence. La. C.C. art. 112(B). Subject to exceptions in situations involving domestic abuse, the award of final periodic

support shall not exceed one-third of the obligor's net income. La. C.C. art. 112(D).

It is within the sound discretion of the trial court to allow and fix the amount of final periodic support, to be exercised not arbitrarily or willfully, but with regard to what is just and proper under the facts of the case. *Prestenback v. Prestenback*, 2008-0457, p. 5 (La.App. 1 Cir. 11/18/08), 9 So.3d 172, 176. An award of spousal support should not be disturbed absent a clear abuse of that discretion. *Id.*

As previously addressed herein, we find no manifest error in the trial court's conclusions regarding Taryn's need for support and David's ability to pay. In this assignment of error, David argues that Taryn is voluntarily unemployed, since she chose to relinquish her real estate license after twenty years. However, as noted by the trial court, Taryn's income from real estate over the years was minimal at best. In the last four years of her career, Taryn's income from real estate was less than $5,000.00 per year. Further, Taryn testified that her management of David's Investments was essentially a full-time job, which prevented her from devoting much time to real estate. Based on the evidence presented, we cannot say that the trial court's conclusion regarding Taryn's need for support was manifestly erroneous.

We next turn to David's assertion that the trial court erred in awarding an amount of final spousal support that exceeds one-third of his net income. Although a trial court's award of final periodic spousal support is given great weight, such an award cannot be allowed to stand when there has been a clear abuse of the trial court's discretion or when the amount exceeds the statutory limit of one third of the payor's net income. See *Ennis v. Ennis*, 2016-0423, p. 7 (La.App. 1 Cir. 5/8/17), 2017WL1900328, *3; La. C.C. art. 112(D). For purposes of setting spousal support, considering the lack of evidence regarding David's income, the trial court determined that David has a gross income of $60,000.00 per

year or $5,000.00 per month. The final spousal support award of $1,750.00 per month exceeds one-third of David's gross income, in clear violation of La. C.C. art.112(D). However, no evidence was presented as to David's net income, and the trial court did not make a finding as to his net income. Although the amount of the final spousal support award is clearly in error, the record on appeal lacks sufficient information to allow this court to amend the judgment. For this reason, we reverse the trial court judgment insofar as it awards final spousal support in the amount of $1,750.00 per month and remand this matter to the trial court for the purpose of determining the amount of David's net income and awarding final spousal support in an amount that does not exceed one-third of that amount.

## CONCLUSION

The judgment of the trial court is reversed only insofar as it sets the amount of final spousal support at $1,750.00 per month. In all other respects, the judgment is affirmed. This matter is remanded to the trial court for further proceedings to determine the amount of David Creekbaum's net income and award final spousal support in an amount that does not exceed one-third of that amount. Each party shall bear his or her own appeal costs.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**